UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. MCCONNELL and <br> NORMA MCCONNELL, <br><br> Plaintiffs, <br><br> vs. <br><br> COMMERCIAL CARRIERS, INC., et. al., <br><br> Defendants. | Case No. 4:03CV253 RWS |

### MEMORANDUM AND ORDER

This matter is before me on Defendant Ryder Systems, Inc.'s ("RSI"), Motion for Summary Judgment [#73], Defendant Ryder Automotive Operations, Inc.'s ("RAOI"), Motion for Summary Judgment [#76], Defendant Delavan Industries, Inc.'s ("Delavan"), Motion for Summary Judgment [#78], and Defendant Ryder Automotive Carrier Division's ("RACD") Motion for Summary Judgment [#80]. For the reasons stated below, the motions for summary judgment will be granted.

**I.     Background**

Plaintiff Frederick McConnell was injured while working as a truck driver in January 2000 when he fell from the upper deck of a auto-hauling trailer manufactured by Defendant Commercial Carriers, Inc. ("CCI"). Plaintiffs allege that the auto-hauling trailer was an unreasonably dangerous product because it did not have hand rails on the upper deck.

Prior to 1992, Delavan manufactured auto-hauling trailers. At that time, Delavan was a subsidiary of RSI. In 1992, Delavan merged into RAOI, which was also a subsidiary of RSI. In 1994, RAOI transferred its auto-hauling trailer manufacturing business to its subsidiary, CCI. In

1996, CCI built the auto-hauling trailer at issue in this case. In 1998, RAOI merged into the company that eventually became Defendant GACS, Inc. ["GACS"].

It is undisputed that CCI is a subsidiary of RSI. It is also undisputed that RACD is not an incorporated entity. RACD is a division of RSI, and RACD is a term that refers to various subsidiary corporations of RSI that are involved in the transportation of automobiles. Plaintiffs allege that RSI "acted through" RACD in carrying out its allegedly tortious actions.

In this action, Frederick McConnell is seeking to recover damages for his bodily injuries and medical care expenses. Norma McConnell, his spouse, is seeking to recover damages for the loss of the support and services of her husband. Plaintiffs assert that I should pierce RSI's corporate veil because it unduly controlled its subsidiaries, and because it knew of the dangerous nature of the auto-hauling trailers and withheld that information from its subsidiaries. Plaintiffs further assert that I should deny the movant Defendants' motions for summary judgment because CCI and GACS are mere "corporate shells" and will not be able to satisfy a monetary judgment awarded against them.

## II.     Summary Judgment Standard

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . ." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court

of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

**III. Analysis**

    A.    *RSI's Motion for Summary Judgment*

RSI has moved for summary judgment on the grounds that CCI is its subsidiary and that Plaintiffs have not established sufficient facts to warrant piercing the corporate veil.

Plaintiffs assert that I should not grant summary judgment in favor of RSI because CCI is a mere "corporate shell," because it exists only on paper or not at all, because it is underfunded and uninsured, and because RSI violated its positive legal duty to warn CCI of the dangerous nature of the trailer in question. Plaintiffs argue that there is sufficient reason to pierce RSI's corporate veil and to hold it liable for the damages in this case.

    1.    Missouri Law Applies

RSI argues that because it is incorporated in Florida, Florida law governs whether it can be liable for the conduct of its subsidiaries. RSI bases its argument in part under Fed. R. Civ. P. 17(b), which states that a corporation's capacity to be sued is determined under the law in the state in which it is incorporated. Plaintiffs argument for piercing RSI's corporate veil is based on

Missouri law. Neither party engaged in a choice of law analysis.

First, Fed. R. Civ. P. 17(b) does not apply to the corporate veil-piercing analysis because that analysis does not go to a corporation's *capacity* to be sued. Rather, it goes to whether there are sufficient facts in any particular case to justify imposing liability on otherwise immune corporate officers or directors, or as in this case, the parent corporation. RSI has confused two discrete issues. As a result, RSI's argument for the application of Florida law to this issue is incorrect.

The law applicable to this issue is determined under this Circuit's diversity jurisdiction jurisprudence. A federal court sitting in diversity applies the law of the state in which it sits, including that state's choice of law provisions. Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786, 794 (8th Cir. 2005) ("[a]s federal jurisdiction in this case is premised on diversity of citizenship, we look to the choice-of -law rules of the forum State to determine which law applies"). "When determining choice-of-law issues in a tort action, Missouri courts apply the 'most significant relationship' test set out in Section 145 of the Restatement, Second, on Conflict of Laws." Goede v. Aerojet Gen. Corp., 143 S.W.3d 14, 24-25 (Mo. Ct. App. 2004) (citing Kennedy v. Dixon, 439 S.W.2d 173, 184 (Mo. banc 1969)).

Under the Restatement's "significant relationship" test: "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6 [of the Restatement]." Restatement (Second) of Conflict of Laws § 145. Section six of the Restatement lists a number of factors for a court to consider in applying the test:

the needs of the interstate and international systems, the relevant policies of the forum, the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, the protection of justified expectations, the basic policies underlying the particular field of law, certainty, predictability and uniformity of result, and ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6.

It is my determination that Missouri is the state with the most significant relationship to the facts of this case. McKinnon was injured in Missouri, and Missouri has an interest in protecting its citizens from defective products manufactured by foreign corporations. As a result, I will apply Missouri law to the facts of this case insofar as I must determine whether there are any genuine disputes of material fact that would justify piercing RSI's corporate veil.

> 2. RSI's Motion for Summary Judgment will be Granted Because Plaintiffs have Not Presented this Court with a Genuine Dispute of a Material Fact as to Whether RSI Exercised Improper Control Over CCI

To pierce a corporate veil under Missouri law, one must show:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Collet v. American Nat'l Stores, Inc., 708 S.W.2d 273, 284 (Mo. Ct. App. 1986).

> When considering whether one corporation exercised control over another to the extent necessary, the courts have relied upon consideration of several factors which indicate the degree of control held by the dominant corporation over the subordinate corporation. These factors are:

(1) The parent corporation owns all of most of the capital stock of the subsidiary.

(2) The parent and subsidiary corporations have common directors or officers.

(3) The parent corporation finances the subsidiary.

(4) The parent corporation subscribes to all of the capital stock of the subsidiary or otherwise causes its incorporation.

(5) The subsidiary has grossly inadequate capital.

(6) The parent corporation pays the salaries and other expenses or losses of the subsidiary.

(7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.

(8) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

(9) The parent corporation uses the property of the subsidiary as its own.

(10) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest.

(11) The formal legal requirements of the subsidiary are not observed.

Id.

RSI's motion for summary judgment will be granted because Plaintiffs have failed to raise a genuine issue of material fact regarding RSI's purported control over CCI. In their response brief, Plaintiffs repeatedly allege that RSI exerted control over Delavan during the time Delavan was the manufacturer of auto-hauling trailers. But Plaintiff does not dispute the fact that Delavan ceased to exist prior to 1996, the year CCI manufactured the trailer. Plaintiffs fail to allege or argue that RSI exerted control over CCI after it became the manufacturer of auto-hauling trailers. As a result, Plaintiffs have failed to present this Court with facts sufficient to create a triable

controversy regarding their claim that they are entitled to pierce RSI's corporate veil. RSI is entitled to judgment as a matter of law.

    B.    *RACD's Motion for Summary Judgment will be Granted Because Plaintiffs' Sole Claim Against RACD is that RSI Acted Through RACD in Carrying Out its Alleged Tortious Actions*

Plaintiffs allege that RSI acted through RACD in carrying out its alleged tortious actions. However, as the previous section states, Plaintiffs have failed to present this Court with a genuine issue of material fact as to whether RSI's corporate veil should be pierced. Plaintiffs' claims against RSI are indistinguishable from those against RACD. As a result, RACD's motion for summary judgment shall be granted.

    C.    *Delavan's Motion for Summary Judgment will be Granted Because It is Not Liable Under the Law of Predecessor Corporation Liability of New York*

Delavan was incorporated in New York, so New York law applies with respect to Delavan's capacity to be sued. Fed. R. Civ. P. 17(b).

It is undisputed that Delavan is the predecessor corporation to CCI and that it ceased to exist prior to the time when the trailer was manufactured. In their argument against Delavan's motion for summary judgment, Plaintiffs argue that a corporate predecessor may be liable for the torts of its successor. Plaintiffs are incorrect. Plaintiffs cite to Grant-Howard Associated v. General Housewares Corp., 63 N.Y.2d 291 (N.Y. 1984), in support of this proposition. In Grant-Howard, the New York Court of Appeals held that as to the issue of whether "a successor corporation may be held liable for the torts of its predecessor," "[a] sale of assets does not vitiate the original company's liability . . . [T]he injured party can elect to proceed against the defunct corporation, the successor corporation, or both. Id. at 297 (internal citations omitted). Grant-

Howard does not hold that a predecessor corporation can be held liable for the torts of its successor. Nor does such a proposition make any sense.

Delavan is the predecessor corporation to CCI. Delavan ceased to exist prior to the manufacture of the trailer at issue. The law of predecessor corporation in New York does not support Plaintiffs' argument. As a result, Plaintiffs have failed to present this Court with facts sufficient to create a triable controversy regarding their claim whether Delavan can be liable for the torts of its successor corporation. Delavan is entitled to judgment as a matter of law.

> D.  *RAOI's Motion for Summary Judgment Will Be Granted Because Under the Florida Law of Merger, the Surviving Corporation Assumes All Liabilities of Each Corporation Party to the Merger*

RAOI was incorporated in Florida, so Florida law applies with respect to RAOI's capacity to be sued. Fed. R. Civ. P. 17(b). The parties agree that Fla. Stat. § 607.1106 governs this issue. Section 607.1106 states:

> (1) When a merger becomes effective:
>
> > * * *
>
> > (c) The surviving corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each corporation party to the merger;
>
> > (d) Any claim existing or action or proceeding pending by or against any corporation party to the merger may be continued as if the merger did not occur or the surviving corporation may be substituted in the proceeding for the corporation which ceased existence . . .

RAOI merged into GACS in 1998. At that time, this case was not a "claim existing" or an "action or proceeding pending" under § 607.1106(d), so that subsection does not apply. Under § 607.1106(c), GACS, the "surviving corporation," became "responsible and liable for all the liabilities and obligations of each corporation party to the merger." As a result, Plaintiffs have

failed to present this Court with facts sufficient to create a triable controversy regarding their claim whether RAOI is responsible for the liabilities of GACS that arose after the merger. RAOI is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ryder Systems, Inc.'s, Motion for Summary Judgment [#73] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Ryder Automotive Operations, Inc.'s, Motion for Summary Judgment [#76] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Delavan Industries, Inc.'s, Motion for Summary Judgment [#78] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Ryder Automotive Carrier Division's Motion for Summary Judgment [#80] is **GRANTED**.

Dated this 25th Day of July, 2005.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE