UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK J. MCCONNELL and | ) | |
| NORMA MCCONNELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV253 RWS |
| | ) | |
| COMMERCIAL CARRIERS, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiffs' Motion to Reconsider Ruling on

Defendants' Motions for Summary Judgment [#137]. The motion will be denied.

This is a products liability case. Plaintiff was injured when he fell from an

auto-hauling trailer manufactured by Defendant Commercial Carriers, Inc. ("CCI").

Plaintiffs allege that the auto-hauling trailer was an unreasonably dangerous product

because it did not have hand rails on the upper deck. Prior to 1994, the trailers had

been manufactured by a different subsidiary of RSI named Delavan.

CCI is a subsidiary of dismissed Defendant Ryder Systems, Inc., ("RSI").

Dismissed Defendant Ryder Automotive Carrier Division ("RACD") is a division of

RSI. Dismissed Defendants RSI and RACD moved for summary judgment on the

ground that there was no genuine issue of material fact as to whether there was

sufficient evidence to warrant piercing the corporate veil.

On July 25, 2005, I entered a Memorandum and Order granting RSI's and RACD's motions for summary judgment because "Plaintiffs fail[ed] to allege or argue that RSI exerted control over CCI after it became the manufacturer of auto-hauling trailers. As a result, Plaintiffs [] failed to present this Court with facts sufficient to create a triable controversy regarding their claim that they are entitled to pierce RSI's corporate veil." I granted RACD's motion for summary judgment for the same reason.

Now, Plaintiffs have moved for reconsideration of my ruling because "the summary judgment rulings were not based on plaintiffs' actual theories and pleadings . . ." Plaintiffs assert that I misunderstood their argument because they were not arguing that RSI's corporate veil should be pierced. Rather, they state that their argument was that RSI had direct involvement in the design of the trailer and in placing the trailer into the stream of commerce.

Plaintiffs' motion for reconsideration fails for the same reason as their original response to Defendants' motions for summary judgment: Plaintiffs fail to allege that RSI or RACD had any control or other influence over CCI at the time it manufactured the trailer and placed it into the stream of commerce. Plaintiffs offer a variety of cases in which courts have refused to grant summary judgment in favor of

RSI because a question of fact existed as to whether RSI had improper control over its subsidiary, Delavan, when it was the manufacturer of the trailers. However, I find those cases irrelevant as to whether RSI had any control over the manufacture or design of the trailers after Delavan ceased to be the manufacturer of the trailers. As a result, Plaintiffs' motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider Ruling on Defendants' Motions for Summary Judgment [#137] is **DENIED**.

Dated this <u>20th</u> day of October, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE