# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK J. MCCONNELL and<br>NORMA MCCONNELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMERCIAL CARRIERS, INC.,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:03CV253RWS |

## MEMORANDUM AND ORDER

    This lawsuit presents the issue of whether Plaintiff Norma McConnell should be allowed to amend her pleadings to convert a personal injury claim arising out of Plaintiff Frederick J. McConnell's fall almost ten years ago to a wrongful death claim based on Frederick McConnell's death four years ago.

    This lawsuit was filed on January 28, 2003. The case was delayed by a bankruptcy filing by the defendant. On March 30, 2009, Norma McConnell filed a notice with the Court that this case was ready for trial. In response to Norma McConnell's notice, Defendants Commercial Carriers, Inc. and GACS Inc. moved to dismiss this lawsuit because Frederick McConnell died on October 15, 2005, and no personal representative had been appointed to pursue his estate's claims. Missouri state law requires that an estate be opened no later than one year after an

individual's death. As a result, it was no longer possible to open and estate and appoint a personal representative to pursue Frederick McConnell's personal injury claims.

On April 21, 2009, Norma McConnell moved for leave to file an amended complaint in which she, for the first time, seeks to assert a claim for wrongful death against Defendants. Defendants oppose the amendment because, they claim, Norma McConnell did not move to substitute herself as the party to represent Frederick McConnell's interests, Defendants will be unfairly prejudiced by the undue delay, and Norma McConnell's effort to amend is futile.

Because I find that Defendants will be unfairly prejudiced by allowing Norma McConnell to amend her pleadings, Norma McConnell delayed reopening this lawsuit, and the addition of wrongful death claims would be an exercise in futility, I will deny leave to amend.

*Background*

Almost ten years ago, in January 2000, Plaintiff Frederick J. McConnell was injured when he fell from an auto-hauling trailer manufactured by Defendant Commercial Carriers, Inc. He, and his wife, Norma McConnell, sued Commercial Carriers and other defendants for strict product liability, negligence and breach of warranty. Frederick McConnell claimed personal injuries to his spine, head and

wrist and related areas. Several defendants were granted summary judgment on July 25, 2005. The case was set for trial in the Fall of 2005. The trial setting was vacated when the remaining defendants filed for Chapter 11 bankruptcy in July 2005. Sadly, Frederick McConnell passed away on October 15, 2005. The Court was notified of Frederick McConnell's death on October 19, 2005. Eventually, I administratively closed the case on December 21, 2005, due to the automatic stay required by the bankruptcy proceedings.

The bankruptcy stay was lifted on May 29, 2007. On March 30, 2009, Plaintiffs moved to reopen the case. At that time, Plaintiffs informed the Court that no additional discovery was needed and the case could proceed to trial within sixty days. Two weeks later, Defendants moved to dismiss because no party had been substituted for Frederick McConnell within 90 days after service of notice of his death as required by Rule 25 of the Federal Rules of Civil Procedure. Norma McConnell does not dispute that a probate estate for Frederick McConnell was not opened. Rather, Norma McConnell sought to bring a new and different claim by moving to file an amended "complaint substituting Normal [sic] McConnell in the place of Mr. McConnell., [sic] per the Missouri Wrongful Death Statute. (R.S.Mo.537,080 and 537.090)."

*Legal Standard*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should freely grant parties leave to amend their pleadings when justice requires. "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001).

*Analysis*

Defendants initially asserted three reasons for denying leave to amend: (1) Norma McConnell did not move to substitute herself as the party to represent Frederick McConnell's interests; (2) Defendants have been prejudiced by the delay; and (3) Norma McConnell now seeks to revive claims against parties who have previously been granted summary judgment. Upon the Court's request for additional briefing, Defendants also asserted undue delay and futility.

*"Substitution"*

Defendants first argue that Norma McConnell has not moved to substitute herself as a party plaintiff pursuant to Missouri's Wrongful Death Act, as required by Rule 25 of the Federal Rules of Civil Procedure, and therefore her request is

procedurally defective. Norma McConnell replies that her motion for leave to amend should satisfy Rule 25, she has good cause for delay in substituting herself, and to the extent necessary, she now moves for leave to substitute herself pursuant to Rules 6 and 25 of the Federal Rules of Civil Procedure.

Rule 25 provides,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Defendants argue that the ninety day period began to run on October 19, 2005 when the Court was notified of Frederick McConnell's death, was stayed during the pendency of the bankruptcy stay, and began to run again when the bankruptcy stay was lifted on May 29, 2007. Norma McConnell argues that Defendants failed to notify her that the bankruptcy stay was lifted in May 2007. Defendants respond that this is a "crucial element of the issues currently before the Court," and request an evidentiary hearing.

Whether the ninety day period under Rule 25 has run, or whether an exception exists, for that matter, is entirely irrelevant to my determination whether Norma McConnell should be granted leave to amend under Rule 15. Both sides

have lost sight of the issue at hand, perhaps because Defendants had earlier moved to dismiss because no personal representative was appointed to represent Frederick McConnell's estate in this matter or perhaps simply because the law surrounding survivorship actions and wrongful death actions is somewhat confusing. The issue before the Court now is whether Norma McConnell should be granted leave to convert the previously filed personal injury claims into causes of action for wrongful death. Norma McConnell's motion is one for leave to amend under Rule 15 and not one to substitute under Rule 25.

It is easy to see why Defendants focused on the substitution requirements of Rule 25. Norma McConnell repeatedly uses the term "substitute" to describe her attempt to drop her husband's personal injury claims and instead bring a wrongful death action against Defendants. For example, in her response to Defendants' motion to dismiss, Norma McConnell states, "Plaintiffs file herewith a motion for leave to file an amended complaint *substituting* Normal [sic] McConnell in the place of Mr. McConnell., [sic] per the Missouri Wrongful Death Statute (R.S.Mo.537.080 and 537.090)." (emphasis added). Although Norma McConnell's motion for leave to amend does not claim she wishes to substitute herself, her reply to Defendants' memorandum in opposition to her motion to amend states, "To the extent plaintiff's motion for leave to amend to file an

amended complaint is not standing alone, sufficient to *substitute* Norma McConnell in the stead of her deceased husband, plaintiffs move this court pursuant to Federal Rules of Civil Procedure 6 and 25 for leave to *substitute* her as such[1] defendants' above referenced failures in conjunction with the time the bankruptcy stay was in effect, justifies any alleged delay in *substituting* Ms. McConnell in the stead of Frederick McConnell."

But in her amended complaint, Norma McConnell does not seek to substitute herself for purposes of bringing a survival action. Norma McConnell seeks to bring an entirely different cause of action, one under the wrongful death statute.

---

[1] It is unclear whether the Norma McConnell intended to say, "To the extent plaintiff's motion for leave to amend to file an amended complaint is not standing alone, sufficient to substitute Norma McConnell in the stead of her deceased husband, plaintiffs move this court pursuant to Federal Rules of Civil Procedure 6 and 25 for leave to substitute her. As such, defendants' above referenced failures in conjunction with the time the bankruptcy stay was in effect, justifies any alleged delay in substituting Ms. McConnell in the stead of Frederick McConnell."

**or**

"To the extent plaintiff's motion for leave to amend to file an amended complaint is not standing alone, sufficient to substitute Norma McConnell in the stead of her deceased husband, plaintiffs move this court pursuant to Federal Rules of Civil Procedure 6 and 25 for leave to substitute her as such. Defendants' above referenced failures in conjunction with the time the bankruptcy stay was in effect, justifies any alleged delay in substituting Ms. McConnell in the stead of Frederick McConnell."

In either case, Norma McConnell used the term "substitute" three times.

Missouri law permits two similar causes of action for injuries inflicted upon a now-deceased person. Under the survival statute,[2] Mo. Rev. Stat. § 537.020, the personal representative of the decedent's estate may bring claims for personal injuries to the decedent. <u>Smith v. Tang</u>, 926 S.W.2d 716, 718 (Mo. Ct. App. 1996);   The statute provides,

> 1. Causes of action for personal injuries, ***other than those resulting in death***, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred. Causes of action for death shall not abate by reason of the death of any party to any such cause of action, but shall survive to the personal representative of such party bringing such cause of action and against the person, receiver or corporation liable for such death and his or its legal representatives.
>
> 2. The right of action for death or the right of action for ***personal injury that does not result in the death*** shall be sufficient to authorize and to require the appointment of a

---

[2] Much of the difficulty in distinguishing the separate causes of action under the wrongful death statute and the survival statute is that courts tend to use the terms interchangeably.  For instance, in <u>Smith v. Tang</u>, 926 S.W. 716, 718 (Mo. Ct. App. 1996), the Missouri Court of Appeals calls § 537.020 the "survivorship statute." The Supreme Court of Missouri, however, calls § 537.020 a "survival statute." <u>Sullivan v. Carlisle</u>, 851 S.W.2d 510, 515 n.6 (Mo. 1993). For clarity, I will use the term "survival" rather than "survivorship."

> personal representative by the probate division of the circuit court upon the written application therefor by one or more of the beneficiaries of the deceased. The existence of the right of action for death or personal injury that does not result in death shall be sufficient to authorize and to require the appointment of a personal representative for the person liable for such death or injury by the court having probate jurisdiction upon his death upon the written application of any person interested in such right of action for death or injury.

Mo. Rev. Stat. § 537.020 (emphasis added). Section 537.020 "ensure[s] that ***pre-existing claims*** will not abate upon the death of the plaintiff or defendant." Sullivan v. Carlisle, 851 S.W.2d 510, 515 n.6 (Mo. 1993). Claims brought under § 537.020 survive only to the personal representative of the decedent's estate and not to his or her heirs. State ex rel. Cunningham v. Wiggins, 156 S.W.3d 473, 476 (Mo. Ct. App. 2005); Smith, 926 S.W. at 718. If no personal representative was appointed for the Estate of Frederick McConnell, any causes of action for his personal injuries which did not result in his death abated with his death.

The existence of a personal representative for the Estate of Frederick McConnell or lack thereof has no impact on any claims brought under Missouri's wrongful death statute. Under Missouri's wrongful death statute, "[i]n addition to pecuniary losses suffered because of the death, beneficiaries may . . . recover funeral expenses and 'the reasonable value of the services, consortium,

companionship, comfort, instruction, guidance, counsel, training, and support' of the deceased. They may also recover damages incurred by the deceased between the time of injury and the time of death." Sullivan, 851 S.W.2d at 514; Mo. Rev. Stat. § 537.090. The statute provides, in relevant part,

> 1. ***Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance*** which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
>
> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
>
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem.

Mo. Rev. Stat. § 537.080 (emphasis added). The Supreme Court of Missouri cautioned that actions brought under the wrongful death statutes should not be confused with an action brought under a survival statute such as § 537.020. Sullivan, 851 S.W.2d at 514 n.6.

Unlike causes of action brought under the survival statute, § 537.020, a claim brought under the wrongful death statute, § 537.080, cannot be brought by the decedent's estate. Id. at 514. And Norma McConnell does not seek to bring the wrongful death claim as the representative of Frederick McConnell's estate. A review of McConnell's proposed amended complaint indicates that Norma McConnell brings her causes of action not as a representative of Frederick McConnell's estate, but as his spouse under the wrongful death statute and for her own injuries.

It is clear that the original claim for personal injury by Frederick McConnell has been abandoned by the plaintiff. Because Norma McConnell's proposed amended complaint does not seek to bring claims on behalf of Frederick McConnell's estate, it is not necessary for her to move to substitute herself as plaintiff under Rule 25(a).

*Prejudice by delay*

*Undue delay*

Although leave to amend shall be freely granted, a court should not allow amendment of pleadings in circumstances of undue delay. Roberson, 241 F.3d at 995. Defendants point out that the bankruptcy stay was lifted on May 29, 2007, but Plaintiffs took no action to reopen this case for almost two years, until March

30, 2009.  Norma McConnell asserts that she was not notified at the time the stay was lifted, but does not identify the date she learned that the stay was lifted.

Court records indicate that the bankruptcy plan was mailed by first class mail to Frederick McConnell and Norma McConnell in care of their attorneys Brian Wendler, 900 Hillsboro Ave, Suite 10, Edwardsville, IL 62025 and James Dowd, 100 N. Broadway #1580, St. Louis, MO 63102 on May 30, 2007.  Mr. Wendler's office is still at the Hillsboro Ave. address.  Norma McConnell submitted evidence that on July 29, 2008, her attorneys were discussing whether they should notify this Court regarding the status of the lawsuit and/or the need to establish a new schedule.  Norma McConnell also submitted evidence that on November 17, 2008, Defendants' attorneys forwarded a copy of the bankruptcy plan to her.

McConnell offers no explanation for the delay in moving to reopen this case other than a desire to attempt to settle the action without further burdening the Court.

*Unfair prejudice*

Leave to amend should <u>not</u> be granted when "unfair prejudice to the nonmoving party can be demonstrated."  <u>Roberson</u>, 241 F.3d at 995.  Defendants argue that they have been unfairly prejudiced by Norma McConnell's delay in

seeking to amend her pleadings to add the wrongful death claims. They explain, "It is unclear what the passage of time has done to the Defendants' ability to defend the preposterous notion that Mr. McConnell's heart disease was caused by a fall from an automobile transit trailer. We don't know what records remain from Mr. McConnell's long history of heart disease or which of his physicians are alive and available to testify." Defendants also argue that allowing Norma McConnell to bring "this totally new case" would require them to locate and depose the medical care providers who were involved in Frederick McConnell's cardiac-related care and that the documents provided by Norma McConnell indicate that no autopsy was ever performed.

Frederick McConnell died on October 15, 2005. The statute of limitations for a wrongful death claim is three years and it accrues at the time the death occurs. Mo. Rev. Stat. § 537.100; <u>Dzur v. Gaertner</u>, 657 S.W.2d 35, 36 (Mo. App. 1983). Norma McConnell does not claim the statute of limitations was tolled for any reason. Norma McConnell filed this motion to add the wrongful death claim to her complaint on April 21, 2009, more than six months after the statute of limitation ran.[3]

---

[3] If granted, of course, this motion would cure any potential statute of limitations issues because Rule 15(c) permits an amendment to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or

Defendants are correct that the proposed amended complaint is a "totally new case." The original complaint filed by Frederick McConnell sought damages for injuries suffered to his spine, head, wrist and related areas arising out of his fall. Norma McConnell's amended complaint seeks damages for wrongful death, alleging that Frederick McConnell's injuries in January, 2000 were causally related to and a substantial cause of his death from heart disease in October, 2005.

Almost ten years have elapsed since Frederick McConnell's fall from an auto hauling trailer. Norma McConnell is seeking to pursue a new theory of liability which raises medical issues for which no discovery has been done. The discovery to prosecute and defend such a wrongful death case would require medical evidence going back not only to January 2000, but would require discovery regarding Frederick McConnell's heart condition before his fall in 2000.

In order to prosecute and defend this case, the parties would have to locate medical personnel who treated Frederick McConnell more than ten years ago. Presumably, Frederick McConnell's hearth condition was treated by specialists and maybe even emergency room personnel in addition to his primary care physician. Alternatively, the lack of such specialized health care would be

---

occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

relevant. Records more than a decade old from any such specialists, hospitals and labs would have to be located. There is substantial prejudice to the defendants as a result of this long delayed effort to change the medical liability theory of this lawsuit.

*Futility*

Although leave to amend shall be freely granted, denial is appropriate when amendment would be futile. Roberson, 241 F.3d at 995. Defendants argue that Norma McConnell cannot establish an essential element of her wrongful death claim, specifically that Frederick McConnell's death as a result of heart disease in 2005 resulted from his injuries suffered in a fall in 2000. Norma McConnell argues that she needs to show only that Frederick McConnell's injuries were a substantial cause of his death

Under Missouri law, "the 'but for' test for causation is applicable in all cases except those involving two independent torts, either of which is sufficient in and of itself to cause the injury, i.e., the 'two fires' cases." Callahan v. Cardinal Glennon Hospital, 863 S.W.2d 852, 862–63 (Mo. 1993). "The 'but for' causation test provides that 'the defendant's conduct is a cause" of the event if the event would not have occurred 'but for' that conduct." Id. at 860–61. The Supreme Court of Missouri recently explained that "[i]n wrongful death actions, plaintiffs

must establish that, <u>but for</u> the defendant's actions or inactions, the [decedent] would not have died." Sundermeyer v. SSM Regional Health Servs., 271 S.W.3d 552, 554 (Mo. 2008) (emphasis added).

In this case, Norma McConnell has presented a letter from Dr. Philip Dennis that states "that Mr. McConnell's injuries he suffered on or about January 26, 2000, were causally related to and a substantial cause of his death on October 15, 2005." But "causally related" and "substantial cause" are not the standard for wrongful death actions in Missouri. Norma McConnell must be able to show that but for Frederick McConnell's accident in January, 2000, he would not have died.

Frederick McConnell's death certificate listed the causes of his death as (a) Severe LV dysfunction (which is an abbreviation for left ventricular dysfunction);[4] (b) Dilated cardiomyopathy;[5] and (c) Coronary artery disease. Frederick McConnell died of heart disease. According to McConnell's medical records, he had a "life long" history of hypertension and was a "life long" smoker

---

[4] The left ventricle is "the lower chamber on the left side of the heart that received arterial blood from the left atrium and drives it by the contraction of its walls into the aorta." Stedman's Medical Dictionary, 2114 (28th ed. 2006)

[5] Dilated cardiomyopathy is a "disease of the heart muscle marked by enlargement of the heart (especially of the left ventricle) and the inability of the heart to eject blood during systole (contraction)." Attorneys' Dictionary of Medicine, C-416 (2008). It is "usually manifested by signs of overall cardiac failure, with congestive finding, as well as by fatigue indicative of a low output state." Stedman's Medical Dictionary, 313 (28th ed. 2006)

of 1 ½ packs of cigarettes per day which were risk factors for coronary artery disease.

Under Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007), an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." It is not plausible that Frederick McConnell's death from his long battle with heart disease would not have occurred *but for* his fall from an auto-hauling trailer manufactured by Commercial Carriers. Because Norma McConnell's assertion is implausible and Missouri requires "but for" causation, I find that allowing Norma McConnell to amend her pleadings to add wrongful death claims would be futile.

Based on Norma McConnell's delay in reopening this lawsuit and seeking to assert wrongful death claims, the unfair prejudice the proposed amendment would cause Defendants and the futility of allowing her to amend, I believe that this is one of those rare instances where leave to amend should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Norma McConnell's motion for leave to amend [#158] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Norma McConnell shall respond to Defendants' motion to dismiss no later than November 3, 2009. Defendants' reply is due November 13, 2009.

Dated this 5th Day of October, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE