# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. MCCONNELL and NORMAN MCCONNELL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:03CV253RWS<br>) |
| COMMERCIAL CARRIERS, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On January 28, 2003, Frederick J. McConnell and his wife, Norma McConnell, sued Commercial Carriers, Inc., GACS, Inc., and others for personal injuries and loss of consortium arising from Frederick McConnell's fall from an auto-hauling trailer in January 2000.

The lawsuit was delayed by a bankruptcy filing by Commercial Carriers and GACS. On March 30, 2009, Norma McConnell filed a notice with the Court that this case was ready for trial. In response to Norma McConnell's notice, Commercial Carriers and GACS moved to dismiss the lawsuit because Frederick McConnell died on October 15, 2005 and no personal representative had been appointed to pursue his estate's claims. Missouri state law requires that an estate be opened no later than one year after an individual's death. As a result, it was no

longer possible to open and estate and appoint a personal representative to pursue Frederick McConnell's personal injury claims. Norma McConnell does not dispute that a probate estate for Frederick McConnell was never opened.[1] Defendants have since conceded that Norma McConnell's claims for loss of consortium remain viable under Missouri law.

Because Plaintiffs concede that Frederick McConnell's personal injury claims are no longer viable and Defendants concede Norma McConnell's claims for loss of consortium remain viable, I will grant in part and deny in part Defendants' motion to dismiss.

***Background***

Almost ten years ago, in January 2000, Frederick J. McConnell was injured when he fell from an auto-hauling trailer manufactured by Commercial Carriers. He, and his wife, Norma McConnell, sued Commercial Carriers and other defendants for strict product liability, negligence and breach of warranty. Frederick McConnell claimed personal injuries to his spine, head and wrist and related areas. Norma McConnell claimed loss of consortium. Several defendants

---

[1] Norma McConnell sought leave to amend covert Frederick McConnell's personal injury claims to a claim for wrongful death. For the reasons set out in my October 5, 2009 memorandum, I denied leave to bring new and different claims for wrongful death.

were granted summary judgment on July 25, 2005 and the case was set for trial in the Fall of 2005. The trial setting was vacated when the remaining defendants filed for Chapter 11 bankruptcy in July 2005. Sadly, Frederick McConnell passed away on October 15, 2005. The Court was notified of Frederick McConnell's death on October 19, 2005. Eventually, I administratively closed the case on December 21, 2005, due to the automatic stay required by the bankruptcy proceedings.

The bankruptcy stay was lifted on May 29, 2007. On March 30, 2009, Plaintiffs moved to reopen the case. At that time, Plaintiffs informed the Court that the case could proceed to trial within sixty days. Two weeks later, Defendants moved to dismiss.

*Legal Standard*

When ruling on a motion to dismiss for failure to state a claim, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). To avoid dismissal for failure to state a claim, the complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief."
Erickson, 127 S. Ct. at 2200.  Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests.  Id.

*Discussion*

Missouri law permits the personal representative of the decedent's estate to bring claims for personal injuries to the decedent.  Smith v. Tang, 926 S.W.2d 716, 718 (Mo. Ct. App. 1996);   The statute provides,

> 1. Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred. Causes of action for death shall not abate by reason of the death of any party to any such cause of action, but shall survive to the personal representative of such party bringing such cause of action and against the person, receiver or corporation liable for such death and his or its legal representatives.
>
> 2. The right of action for death or the right of action for personal injury that does not result in the death shall be sufficient to authorize and to require the appointment of a

> personal representative by the probate division of the circuit court upon the written application therefor by one or more of the beneficiaries of the deceased. The existence of the right of action for death or personal injury that does not result in death shall be sufficient to authorize and to require the appointment of a personal representative for the person liable for such death or injury by the court having probate jurisdiction upon his death upon the written application of any person interested in such right of action for death or injury.

Mo. Rev. Stat. § 537.020. Section 537.020 "ensure[s] that pre-existing claims will not abate upon the death of the plaintiff or defendant." Sullivan v. Carlisle, 851 S.W.2d 510, 515 n.6 (Mo. 1993). Claims brought under § 537.020 survive only to the personal representative of the decedent's estate and not to his or her heirs. State ex rel. Cunningham v. Wiggins, 156 S.W.3d 473, 476 (Mo. Ct. App. 2005); Smith, 926 S.W. at 718. If no personal representative was appointed for the Estate of Frederick McConnell, any causes of action for his personal injuries which did not result in his death abated with his death.

Plaintiffs concede that a probate estate for Frederick McConnell was not opened and no personal representative was appointed. As a result, his claims for personal injury are no longer viable. Accordingly, I will dismiss Counts I, II, III, IV, IX and X, which are brought by Frederick McConnell.

Defendants concede that Norma McConnell's claims for loss of consortium remain viable. As a result, I will deny Defendants' motion to dismiss Counts V, VI, VII, VIII, XI and XII, which are brought by Norma McConnell.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [#151] is **GRANTED in part and DENIED in part**. Defendants' motion is GRANTED as to Counts I, II, III, IV, IX and X. Defendants' motion is DENIED as to Counts V, VI, VII, VIII, XI and XII.

Dated this 12th Day of November, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE