UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMA MCCONNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:03 CV 253 RWS ) |
| COMMERCIAL CARRIERS, INC. et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

On January 28, 2003, Frederick J. McConnell and his wife, Norma McConnell, sued Commercial Carriers, Inc., GACS, Inc., and others for personal injuries and loss of consortium arising from Frederick McConnell's fall from an auto-hauling trailer in January 2000. The lawsuit was delayed by a bankruptcy filing by Commercial Carriers and GACS. On October 15, 2005, Frederick McConnell died. March 30, 2009, Norma McConnell filed a notice with the Court that this case was ready for trial. On November 12, 2009, I dismissed several of Plaintiff's claims when Plaintiff conceded that Frederick McConnell's personal injury claims were no longer viable but Defendants conceded that Norma McConnell's claims for loss of consortium remain viable under Missouri law. The trial date for this matter has repeatedly been continued and is currently set for January 9, 2012.[1]

Defendants now move to dismiss Norma McConnell's demand for punitive damages in conjunction with her loss of consortium claim. For the reasons stated below, I will grant Defendants' motion.

---

[1] A more comprehensive background of this case is presented in my November 12, 2009 Order [#181].

**Legal Standard**

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

**Discussion**

McConnell argues that I should deny Defendants' motion because it was filed out of time. Defendants' motion was filed after the dispositive motion deadline and leave was not sought to file the motion out of time. However, in order to serve judicial economy, I will exercise my discretion to grant Defendants' leave to file their motion to dismiss out of time.

In Count VII of her Complaint, Norma McConnell seeks punitive damages as part of her consortium claim. Defendants argue I should dismiss McConnell's claim for punitive damages because in Missouri, a spouse is unable to recover punitive damages for a consortium claim. McConnell opposes the motion by attacking the authority Defendants rely on to support the motion.

The United States Court of Appeals for the Eighth Circuit has indicated it is "persuaded that Missouri courts will...hold that punitive damages are not recoverable for loss of consortium." Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1337 (8th Cir. 1985). The parties have

been unable to identify any Missouri case law addressing whether a spouse may recover punitive damages for a consortium claim. McConnell's argument that I should disregard Eight Circuit precedent because it considered case law from other jurisdictions when concluding Missouri law does not permit punitive damages in this scenario is unpersuasive. As a result, I will dismiss McConnell's punitive damage claim in Count VII of her complaint.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss [#222] is **GRANTED** and Norma McConnell's punitive damage claim in Count VII is **DISMISSED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2011.